UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BAYONNE MEDICAL CENTER,<br><br>              Debtor, | CHAPTER 11 PROCEEDING<br><br>Case No. 07-15195 (MS) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BAYONNE MEDICAL CENTER,<br><br>              Plaintiff,<br>v.<br><br>ROBERT H. EVANS, HERMAN BROCKMAN, THEODORE GARELICK, WILLIAM J. CAMPBELL, ROBERT C. MILL, WILLIAM J. FINNERTY, HOWARD LEVINE, ANTHONY WARD, DEBORAH WOZNIAK and WITHUMSMITH+BROWN, P.C.,<br><br>              Defendants. | Adv. Pro. No.: 09-01688 (MS)<br><br>09-3643 (JLL) |
| ROBERT H. EVANS,<br><br>              Third-Party Plaintiff,<br>v.<br><br>HEATHER AARON and PAUL MOHRLE,<br><br>              Third-Party Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANT ROBERT H. EVANS' MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING TO BANKRUPTCY COURT**

GREENBAUM, ROWE, SMITH & DAVIS LLP
David L. Bruck
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095
(732) 549-5600
Attorneys for Defendant Robert H. Evans

Of Counsel:
    David L. Bruck, Esq.
On the Brief:
    Galit Kierkut, Esq.
    Jamie Yonks, Esq.

Dated: July 10, 2009

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ............................................. 1

LEGAL ARGUMENT ........................................................................................................... 5

      A.    EVANS HAS THE RIGHT TO A JURY TRIAL .................................... 6

      B.    EVANS DOES NOT CONSENT TO THE
           BANKRUPTCY COURT CONDUCTING TRIAL IN
           THIS MATTER ......................................................................................... 7

      C.    JUDICIAL ECONOMY REQUIRES THAT THE
           REFERENCE BE WITHDRAWN AND THE ACTION
           TRANSFERRED TO THE DISTRICT COURT ...................................... 8

      D.    THE MOTION TO WITHDRAW THE REFERENCE
           HAS BEEN TIMELY FILED .................................................................. 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

Beard v. Braunstein,
   914 F.2d 434 (3d Cir. 1990)......................................................................................5

Goldstein v. K-Swiss, Inc. (In re Just For Feet),
   2002 WL 550035, 2002 Bankr.
   LEXIS 330 (Bankr. D. Del. April 9, 2002)...............................................................5

Granfinanciera S.A. v. Nordberg,
   492 U.S. 33, 109 S. Ct. 2782 (1989).....................................................................6, 7

Gumport v. Growth Financial Corp (In re Transcom Lines),
   121 B.R. 837 (C.D. Cal. 1990)...............................................................................6, 8

In re Ramex International, Inc.,
   91 B.R. 313 (E.D. Pa. 1988)......................................................................................8

NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.),
   203 B.R. 905 (D. Del. 1996)............................................................................5, 7, 8

**Statutes**

28 U.S.C. § 157(a).........................................................................................................5

28 U.S.C. § 157(b)(1)....................................................................................................6

28 U.S.C. § 157(b)(2)....................................................................................................6

28 U.S.C. § 157(d).........................................................................................................5

28 U.S.C. § 157(e).........................................................................................................7

28 U.S.C. § 157(d).........................................................................................................9

**Other Authorities**

1 COLLIER ON BANKRUPTCY 3.08[3] (15th ed. rev. 2006).......................................8

**Rules**

Fed. R. Bankr. P. 9015..................................................................................................7

Fed. R. Bankr. P. 9015(b).............................................................................................7

## PRELIMINARY STATEMENT

Defendant Robert H. Evans ("Evans") is filing the instant motion seeking an Order withdrawing the reference of the above-captioned adversary proceeding (the "Adversary Proceeding") to the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), so that the Adversary Proceeding may be heard by the District Court for the District of New Jersey (the "District Court"). The basis for this motion is (1) Evans' right to a jury trial, (2) Evan's lack of consent to a jury trial being held in the bankruptcy court and (3) Judicial economy based on the fact that a District Court Judge will preside over the trial and that there a related action is currently pending in the District Court.

Bankruptcy Rule 5011 and Local Bankruptcy Rule 5011-1 together provide that a motion for withdrawal of the reference shall be filed in the bankruptcy court, then immediately transmitted to the district court which will hear the motion. Fed.R.Bankr.P. 5011 ("A motion for withdrawal of a case or proceeding shall be heard by a district judge."); D.N.J. LBR 5011-1 ("A motion for withdrawal of the reference of a case or proceeding shall be filed in the bankruptcy court...[and] [a]ll such motions are then to be immediately transmitted to the district court."). Thus, this motion should be transmitted to the District Court for resolution.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

On April 15, 2009, the above-captioned plaintiff, The Official Committee of Unsecured Creditors of Bayonne Medical Center ("plaintiff"), filed a Complaint against Evans and against former Bayonne Medical Center ("BMC") board members Herman Brockman, Theodore Garelick, William J. Campbell, Robert C. Mill, William J. Finnerty, Howard Levine, Anthony Ward, and Deborah Wozniak (collectively, "Director Defendants"), and the accounting firm of WithumSmith+Brown, P.C. ("WS&B"). See Certification of David L. Bruck ("Bruck Cert.") at ¶2.

Against Evans, plaintiff has alleged claims stemming from factual allegations that Evans misrepresented the financial condition of the hospital and permitted false financial statements to be prepared. Bruck Cert. at ¶3. Against the Director Defendants, plaintiff alleged breach of the directors' fiduciary duty for failure to supervise Evans, Heather Aaron, and BMC's other management officials in permitting these misleading financial statements to be prepared. Id. at ¶4. Against WS&B, plaintiff alleged claims arising from the 2005 audit regarding the representation of the financial position of BMC, including specific allegations regarding the allocation of a charitable pledge. Id. at ¶5.

On June 30, 2009, Evans filed his Answer to the Adversary Proceeding, denying the material allegations of the Complaint, asserting affirmative defenses, cross-claims against the other defendants and WS&B, and a third party complaint against Heather Aaron and Paul Mohrle, two other members of BMC's management during the relevant time period. See Bruck Cert. at ¶6, Exh. A. In his answer, Evans demanded a jury trial in the District Court. Id. at ¶7. Evans specifically stated that he did not consent to a jury trial before the bankruptcy judge. See Certification of Robert H. Evans ("Evans Cert.) at ¶4; Bruck Cert. at ¶7. Id. Evans amended his Answer on July 7, 2009 in order to add third-party defendants Heather Aaron and Paul Mohrle to the caption of the answer. Bruck Cert. at ¶8, Exh. A. Evans has not filed any proof of claim in the Debtors' bankruptcy proceedings. See Evans Cert. at ¶5; Bruck Cert. at ¶8.

An adversary proceeding arising from nearly identical facts was filed by BMC against Heather Aaron. See Adv. Proc. No. 09-1690 (MS); Bruck Cert. at ¶9. On June 7, 2009, Heather Aaron filed her Answer and filed a Third-Party Complaint against Evans, the Director Defendants and WS&B. Id. at 10. Months prior to the filing of these adversary proceedings, a similar action involving similar parties, arising from similar facts to those pled in the Adversary

Proceeding, was and currently is pending before the District Court in a matter entitled Nuveen Municipal Trust v. WithumSmith+Brown, P.C. et al., Civ. No. 08-5994 (GEB) ("the Nuveen Matter"). Id. at 11. On December 5, 2008, Nuveen Municipal Trust, a business trust and municipal bond mutual fund ("Nuveen"), filed suit against WS&B and Lindabury, McCormick, Estabrook & Cooper, P.C. ("Lindabury"), a law firm, seeking to recoup losses it has incurred related to the purchase of a $10 million Bond Anticipation Note from BMC (the "Note"). Id. at 12, Exh. B. Against WS&B, Nuveen asserted claims of common law fraud, aiding and abetting fraud, and negligent misrepresentation stemming from WS&B's audit of BMC's 2005 financial statements. Id. at 13, Exh. B. The allegations are very similar to those in the adversary proceeding. Id. Nuveen alleges in part that WS&B overstated revenue by wrongfully allocating a charitable pledge and by carrying a substantial amount of BMC's aged and uncollectible accounts receivable as assets while simultaneously reducing the reserve for uncollectable accounts receivable. Id. As such, Nuveen claims, BMC's financial condition was not accurately reflected in the audit report prepared by WS&B. Id.

On January 13, 2009, WS&B, in turn, filed a Third Party Complaint against Evans in the Nuveen Matter, along with Heather Aaron and Paul Mohrle, alleging that if the 2005 financial statements are false and misleading as Nuveen alleges, such liability resulted from the negligence, fraud, or other wrongful conduct by Evans and the other third-party defendants, who were purportedly involved in the preparation of the 2005 financial statements and the charitable pledge and allegedly had knowledge of and concealed their misrepresentations from WS&B.[1] See Bruck Cert. at ¶14, Exh. C.

---

[1] On January 13, 2009, Lindabury filed a Third Party Complaint against Evans and Heather Aaron, seeking contribution and indemnification on claims filed against them by Nuveen. See Bruck Cert. at ¶15, Exh. D.

On March 2, 2009 in the Nuveen Matter, Evans filed his Answer, Affirmative Defenses, and Counterclaim to WS&B's Third Party Complaint, and Cross Claims against Paul Mohrle and Heather Aaron. See Bruck Cert. at ¶16, Exh. E. On March 9, 2009, Evans filed his Answer, Affirmative Defenses, and Counterclaim to Lindabury's Third Party Complaint and Cross Claim against Paul Mohrle. Id. at ¶17, Exh. F.

Thereafter, on April 6, 2009, the parties in the Nuveen Matter convened for an initial Fed. R. Civ. P. 26(f) conference. Bruck Certification at ¶18. On May 4, 2009, the parties submitted a Rule 26(f) Report to the District Court, and an initial scheduling conference was held with Magistrate Judge Douglas Arpert on May 11, 2009. Id. at ¶19. A telephone status conference was held with Magistrate Judge Arpert on June 9, 2009. Id. at ¶20. At both of these conferences, the adversary proceedings filed against Aaron, Evans and WS&B were discussed and counsel for Aaron, Evans and WS&B advised Judge Arpert that they would be engaging in motion practice regarding some form of consolidation of these matters. Id. at ¶21. Discovery is already underway in the Nuveen Matter. On April 24, 2009, the parties exchanged their Rule 26 Initial Disclosures, along with thousands of pages of documents. Id. at ¶22. Lindabury served interrogatories on all parties on May 15, 2009, and Evans responded to same on June 12, 2009. Id. Evans served a subpoena on BMC on July 1, 2009, seeking documents relating to these claims. The subpoena is returnable on July 20, 2009. Id.

The misconduct alleged against WS&B and Lindabury in the Nuveen matter, and thereafter alleged against Evans, Aaron and Mohrle, is governed by the same set of operative facts as those alleged by plaintiff in both of the adversary proceedings. Bruck Certification at ¶23. Both actions allege similar misrepresentations regarding the financial stability of BMC. Specifically, both actions turn on the method of reporting certain receivables and an alleged

sham charitable pledge. Id. The parties to the three actions are substantially similar. Id. However, unlike in the Adversary Proceeding, the discovery process in the Nuveen matter case has already begun, with thousands of pages of discovery already exchanged and a subpoena to BMC returnable on July 20, 2009. Id. at ¶24.

## LEGAL ARGUMENT

Evans is seeking an order from the district court withdrawing the reference of this adversary proceeding to the bankruptcy court. Such action is within the authority of the district court.

The federal district courts have original and exclusive jurisdiction over all cases under title 11 of the United States Code (the "Bankruptcy Code"), as well as original, but non-exclusive jurisdiction over all proceedings "arising under" the Bankruptcy Code or "arising in or related to" a case under the Bankruptcy Code. 28 U.S.C. §§ 1334(a) and (b). Each district court is authorized to refer all such matters to the bankruptcy courts. 28 U.S.C. § 157(a). "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." See 28 U.S.C. § 157(d).

"Cause" is not defined in the statute. Most courts have held, however, that cause exists to withdraw a matter where the defendant has a right to a jury trial and has not consented to the conduct of such a trial by a bankruptcy judge. See Goldstein v. K-Swiss, Inc. (In re Just For Feet), 2002 WL 550035, 2002 Bankr. LEXIS 330 (Bankr. D. Del. April 9, 2002) (preference action) (opinion attached to Bruck Cert. as Exh. G.); see also Beard v. Braunstein, 914 F.2d 434, 442-443 (3d Cir. 1990) (directing withdrawal of reference where there was a Seventh Amendment jury trial right); NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.), 203 B.R. 905, 913 (D. Del. 1996) (citing jury trial right as a ground for withdrawal). The right to a jury trial, and the inability of the bankruptcy judge to conduct the trial, are closely related to concerns of

judicial economy, which also favor withdrawal. Gumport v. Growth Financial Corp (In re Transcom Lines), 121 B.R. 837, 838 (C.D. Cal. 1990) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issue presented in this litigation.").

As demonstrated below, Evans has a right to a jury trial in this Adversary Proceeding. As Evans has asserted his right to a jury trial and has stated that he does not consent to a jury trial being held in the bankruptcy court, withdrawal of the reference is mandated. Moreover, as the district court judge will be presiding over the jury trial is this matter and as the facts asserted in the Adversary Proceeding are very similar to those in the current District Court action, judicial economy and the need to minimize confusion warrant withdrawal of the reference.

### A.   EVANS HAS THE RIGHT TO A JURY TRIAL.

The United States Supreme Court has held that creditors who have not filed proofs of claim against a debtor's estate have not submitted themselves to the bankruptcy court's equitable jurisdiction and are therefore entitled, upon demand, to a jury trial. Granfinanciera S.A. v. Nordberg, 492 U.S. 33, 36, 109 S. Ct. 2782 (1989) (holding that there is a jury trial right on a fraudulent transfer claim "notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings' in 28 U.S.C. 157(b)(2)(H)").

Evans acknowledges that, while some of the claims asserted against him in the Adversary Proceeding are non-core claims, others constitute "core" claims within the meaning of 28 U.S.C. § 157(b)(2). Plaintiff has alleged in its complaint that this Adversary Proceeding is a core matter. Although core status often may indicate that a bankruptcy judge may hear and determine a matter, see 28 U.S.C. § 157(b)(1), Evans' Seventh Amendment right to a jury trial on these claims, and his lack of consent to a jury trial before the bankruptcy judge, are dispositive here of

the ability of the Bankruptcy Court to adjudicate this matter. See 28 U.S.C. § 157(e); In re NDEP Corp., 203 B.R. at 914 (stating that withdrawal is warranted where the parties have not consented to trial in the bankruptcy court).

Evans is entitled under the Seventh Amendment to the Constitution to a jury trial on this action. Evans did not file a proof of claim in Debtor's bankruptcy case and therefore did not submit itself to the equitable jurisdiction of the bankruptcy court. Granfinanciera, 492 U.S. at 36. In his Answer to the Complaint, Evans has requested a trial by jury and stated that he does not consent to such a trial before a bankruptcy judge. See Answer (attached to Bruck Cert. as Exhibit A). Accordingly, the trial of this matter must be conducted before a District Court judge. See 28 U.S.C. § 157(e); Fed. R. Bankr. P. 9015(b).

### B. EVANS DOES NOT CONSENT TO THE BANKRUPTCY COURT CONDUCTING TRIAL IN THIS MATTER.

Pursuant to 28 U.S.C. § 157(e), a bankruptcy judge may conduct a jury trial in a matter that generally may be heard by the bankruptcy judge, only "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." See also, Fed. R. Bankr. P. 9015. This requirement is not satisfied here. In his Answer, Evans has asserted his right to a trial by jury and stated that he does not consent to such a trial before the bankruptcy court. Accordingly, the bankruptcy court is without authority to conduct such a trial. See In re NDEP Corp., 203 B.R. at 914 ("Because the parties have not expressly allowed the bankruptcy court to hold a jury trial in this adversary proceeding and because this court has not made a special designation of jurisdiction, the bankruptcy court is not statutorily empowered to hold a jury trial in this matter. For this reason alone withdrawal is compelled.").

Courts have interpreted the enactment of section 157(e), which does not distinguish between core and non-core proceedings, to require the consent of all parties for a bankruptcy

court to conduct a jury trial. See In re NDEP Corp., 203 B.R. at 914; see also 1 COLLIER ON BANKRUPTCY 3.08[3](15th ed. rev. 2006) ("[T]he parties must agree to a jury trial by the bankruptcy judge. The consent requirement eliminates the constitutional issue addressed earlier. . . and cuts back on the Second Circuit's holding in Ben Cooper that bankruptcy courts may hold jury trials in core matters even absent the consent of the parties.") Without the consent of Evans, the bankruptcy court simply cannot conduct a jury trial in this Adversary Proceeding.

### C. JUDICIAL ECONOMY REQUIRES THAT THE REFERENCE BE WITHDRAWN AND THE ACTION TRANSFERRED TO THE DISTRICT COURT.

Judicial economy also supports the granting of the motion. Where "a [d]istrict [c]ourt [j]udge must eventually preside over the jury trial in [a] matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issue presented in th[e] litigation." Gumport, 121 B.R. at 838; see also In re Ramex International, Inc., 91 B.R. 313, 316 (E.D. Pa. 1988) ("'[J]udicial economy is served. . . by withdrawing the reference to the bankruptcy court of related non-core proceedings in which a jury trial will be required.'"). As set forth above, any jury trial in the present action must take place in the District Court, as Evans has not consented to the Bankruptcy Court presiding over a jury trial. Further, the Nuveen Matter has already progressed to the discovery stage. At least two conferences with the judge have been held, and a third is scheduled. The judge and all parties have become familiar with the claims and defenses, many of which are factually the same or similar as those alleged in the Adversary Proceeding. Judicial economy would certainly be served by withdrawing the reference to the Bankruptcy Court, and allowing the case to proceed in the District Court.[2]

---

[2] It is noteworthy that the only "core" claims alleged in the Adversary Proceeding revolve around an alleged fraudulent transfer in the amount $200,000. This amount is insignificant compared to

### D. THE MOTION TO WITHDRAW THE REFERENCE HAS BEEN TIMELY FILED.

A motion to withdraw the reference must be "timely." 28 U.S.C. § 157(d). Evans was served with the Summons in this matter on April 15, 2009, and his Answer was filed on June 30, 2009. Evans amended his Answer on July 7, 2009 in order to add third-party defendants Heather Aaron and Paul Mohrle to the caption of the answer. Evans has filed this motion within two weeks of filing his answer. There has been no delay in the assertion of the right to seek withdrawal of the reference. Evans respectfully submits, therefore, that this Motion is timely filed.

---

the litigation effort that will be expended in litigating the non-core claims. Moreover, the facts that support the non-core claims will, by necessity, also support the core claims.

## CONCLUSION

As demonstrated above, Evans has a right under the Seventh Amendment to the United States Constitution to a trial by jury in this Adversary Proceeding. The Bankruptcy Court has not been specially designated to conduct jury trials and Evans does not consent to a trial in the Bankruptcy Court. The Bankruptcy Court, therefore, is without authority to conduct the trial in this matter. In addition, as previously described, there is a case with similar facts, claims, and parties, already pending in the District Court. The discovery process has already begun in that case. Concepts of judicial economy and the need to minimize confusion necessitate that the proceedings be held in one venue. The status of the District Court litigation as well as the inability of the Bankruptcy Court to conduct a trial in this matter, make the District Court the appropriate venue in which to conduct this action. Therefore, the Court should enter an order withdrawing the reference of the above-captioned adversary proceeding to the United States Bankruptcy Court for the District of New Jersey, and providing that the Adversary Proceeding by heard by the District Court.

Respectfully submitted,

By: /s/ David L. Bruck
DAVID L. BRUCK

Greenbaum, Rowe, Smith & Davis LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
Attorneys for Defendant/Third Party Defendant
Robert H. Evans

Dated: July 10, 2009