NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re BAYONNE MEDICAL CENTER, | Chapter 11 Case No.: 07-15195 (MS) |
| Debtor, | |
| ——————————————— | Civil Action No.: 09-3643 (JLL) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BAYONNE MEDICAL CENTER, | |
| Plaintiff, | OPINION |
| v. | |
| ROBERT H. EVANS, et al., | |
| Defendants. | |
| ——————————————— | |
| ROBERT H. EVANS, | |
| Third-Party Plaintiff, | |
| v. | |
| HEATHER AARON and PAUL MOHRLE, | |
| Third-Party Defendants. | |

**LINARES**, District Judge.

      This matter comes before the Court on Defendant Robert Evans's motion to withdraw the reference pursuant to 28 U.S.C. § 157(d), the cross motion to withdraw the reference of the Trustee Defendants joining in the motion of Defendant/Third Party Plaintiff Robert Evans, and the cross motion filed by WithumSmith+Brown, P.C. ("WS&B"), joining in the motion of

Defendant/Third-Plaintiff Robert Evans and the cross-motion of the Trustee Defendants.  The motions are opposed by the Debtor Representative and Omni Asset Management LLC and Avery Eisenreich, parties in a related adversary proceeding currently pending in the Bankruptcy Court.  The Court has considered the parties' submissions and the bankruptcy record.  For the reasons set forth below, the three motions supporting withdrawal of the reference are denied without prejudice.

I.      BACKGROUND

Bayonne Medical Center ("BMC"), the Debtor, filed a bankruptcy petition on April 16, 2007.  Since that date, there have been almost 2300 entries on the docket in the Bankruptcy Court, and there are approximately 121 related adversary proceedings.  Mr. Evans is the defendant in one of those proceedings; an adversary complaint was filed against him and WS&B on April 15, 2009 by the Official Committee of Unsecured Creditors of BMC.  Pursuant to an Amended Plan of Liquidation, the current Debtor Representative and the Liquidating Trustee is Allen D. Wilen.  Therefore, on July 20, 2009, on a motion by the Committee, Mr. Wilen was substituted as plaintiff in the adversary proceeding against Mr. Evans and WS&B.

Mr. Evans was the former President and CEO of BMC.  WS&B is an accounting firm who audited BMC.  The adversary complaint against Mr. Evans and WS&B alleges that WS&B negligently conducted its audit which lead to or contributed to BMC's insolvency, and that Mr. Evans provided materially false and misleading information to BMC's board in 2005 and 2006.  It also alleges that the Trustee Defendants and other officers of BMC "acted with gross negligence and reckless disregard in failing to discover [Mr. Evans's] dereliction of his duties." (Br. in Supp. of Evans's Mot. & Trustee Defs.' Cross-Mot. & in Supp. of WS&B's Cross-Mot. to

Withdraw the Reference [hereinafter "WS&B Br."], at 3.) In his Answer to the adversary complaint, Mr. Evans filed cross-claims against WS&B and other defendants and filed a third-party complaint against Heather Aaron and Paul Mohrle, other members of BMC's management during the time at issue. In its Answer, WS&B filed cross-claims against the Trustee Defendants and other BMC officers and a third-party complaint against Paul Mohrle, Heather Aaron, Omni Asset Management, LLC ("Omni"), and Avery Eisenreich.

In addition to the present matter, there are several other actions that arise from almost identical facts. On April 15, 2009, the day the Evans adversary proceeding was filed, the Trustee also filed an adversary proceeding against Omni, Mr. Eisenreich, and other related entities, (see Bankr. Case No. 09-ap-1689), and a separate adversary proceeding against Heather Aaron, (see Bankr. Case No. 09-ap-1690). The complaint against the defendants in the Omni action alleges that the defendants "failed to honor a $5 million dollar unconditional pledge to BMC–[a] . . . pledge the Trustee asserts WS+B failed to detect as fraud." (WS&B Br., at 6.) The complaint against Ms. Aaron alleges that she "recklessly misrepresented BMC's financial condition allowing BMC to continue operating unprofitably, thereby causing BMC to lose its remaining net assets . . . [and] go insolvent." (Id. at 7.) In her Answer to the complaint against her, Ms. Aaron filed a third-party complaint against Mr. Evans, WS&B, and other defendants. Finally, on December 5, 2008, Nuveen High Yield Municipal Bond Fund ("Nuveen"), a BMC secured creditor, filed a complaint in the District Court against WS&B and Lindabury, McCormick, Estabrook & Cooper, P.C. ("Lindabury"), a law firm. (See Case No. 08-5994 (GEB)). Nuveen's complaint alleged that WS&G was negligent and committed fraud in its audit of BMC's December 31, 2005 financial statements. On January 13, 2009, WS&B filed a third-party

complaint in the Nuveen action against Mr. Evans, Ms. Aaron, and Mr. Mohrle.  Thus, Mr. Evans, Ms. Aaron, and WS&B, as well as other defendants, are common to all of these actions, and all actions are based on the same set of operative facts.

Ms. Aaron also has filed a motion to withdraw the reference of her adversary proceeding. (See Case No. 09-3611 (JLL).)  Like in this matter, the Trustee Defendants and WS&B have filed cross-motions also supporting withdrawal.  In addition, Mr. Evans has filed a cross-motion supporting withdrawal of the reference of Ms. Aaron's adversary proceeding.

## II.  DISCUSSION

All parties moving for withdrawal of the reference, in both this matter and Ms. Aaron's case, argue that they have asserted a right to a jury trial, that they do not consent to a trial in the Bankruptcy Court or the entry of final orders by the Bankruptcy Court, and that failure to permit withdrawal will result in duplicitous discovery and litigation wasting the Court's and the parties' resources and resulting in potentially conflicting decisions.  The last argument of all the moving parties is based on the assertion that the Nuveen action in the District Court is almost identical to the adversary proceedings at issue here and is already underway.  On the other hand, the defendants in the Omni action argue that withdrawal will result in duplicate litigation costs and effort for them as they would "have to defend essentially the same litigation or action in two fora, i.e., the Bankruptcy Court . . .and the District Court."  (Omni Ltr., Aug. 12, 2009, at 2.)  The Debtor Representative opposes withdrawal arguing that Bankruptcy Judge Stern's familiarity with this complex and voluminous case and the interrelation of various proceedings favors having the Bankruptcy Court manage the pre-trial matters in the actions.

"[A] district court may withdraw, in whole or in part, any case or proceeding referred

under [ § 157], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In determining whether good cause has been shown, a "district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990). "A bankruptcy court cannot conduct a jury trial in a non-core proceeding." In re Chet Decker, Inc., No. 06-3658, 2006 U.S. Dist. LEXIS 77091, at *7 (D.N.J. Oct. 23, 2006). Additionally, a bankruptcy court can only conduct a jury trial in a core proceeding "with the express consent of all parties." 28 U.S.C. § 157(e). But, "even when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial." " In re Chet Decker, Inc., 2006 U.S. Dist. LEXIS 77091, at *8 (quoting Gen. Elec. Capital Corp. v. Teo, No. 01-1686, 2001 U.S. Dist. LEXIS 22266, at *14 (D.N.J. Dec. 14, 2001)) (internal quotations omitted); see also In re Orion Pictures Corp., 4 F.3d 1095, 1101-02 (2d Cir. 1993); In re Keene, 182 B.R. 379, 385 (S.D.N.Y. 1995) ("Since this adversary proceeding is in its initial stages, the bankruptcy judge is fully equipped with the tools to proceed with this matter without interference by the district court[;] . . . the motion . . . will only become ripe if and when the matter proceeds to trial.").

As noted above, Mr. Evans, WS&B, the Trustee defendants, and Ms. Aaron have all demanded a jury trial and do not consent to a jury trial in the Bankruptcy Court or any final orders for non-core issues being entered by the Bankruptcy Court. Therefore, they argue, regardless of whether the issues are core or non-core, the actions must ultimately be tried in the

District Court, judicial economy favors immediate withdrawal. This Court disagrees.

Here, the adversary proceedings are at their initial stages. Additionally, the overall BMC bankruptcy litigation has been going on for over two years involving numerous defendants and a considerable amount of activity, including numerous pending adversary proceedings including the few at issue here. The Court agrees with the Debtor Representative that "Judge Stern's vast experience regarding BMC's insolvency means that he is best suited to oversee the pre-trial, managerial matters of the adversary proceeding regarding potential mediation, subsequent discovery, and any settlement discussions in which the parties might ask the bankruptcy court to participate." (The Debtor Representative's Mem. of Law in Opp'n to Defs.' Respective Mot. & Cross-Mots. to Withdraw the Reference, at 3.) Finally, there is a motion by WS&B pending in the Bankruptcy Court requesting a determination of whether certain claims against it are core or non-core. Regardless of whether WS&B consents to them ultimately being tried in the Bankruptcy Court, a determination of whether claims are core or non-core and any related intermediate rulings on these issues are best made by the Bankruptcy Court in the first instance.

The question then is whether these general findings regarding the movants' arguments related to the right to a jury trial are outweighed by the issue of duplicitous litigation given the Nuveen action. On June 4, 2009, dispositive motions were filed in that action by WS&B and Lindabury. On October, 7, 2009, the motions were granted; the claims against WS&B and Lindabury were dismissed with prejudice, and these parties were terminated as defendants in the action. As noted by the Debtor Representative in a supplemental letter to this Court dated October 12, 2009, Mr. Evans and Ms. Aaron were joined in the Nuveen action by third-party claims brought by the now dismissed defendants. As a result, this Court agrees with the Debtor

Representative that the "arguments regarding the potential burden and inefficiency of dual discovery [due to the Nuveen action] . . . have been eliminated." (Debtor Representative Ltr., Oct. 12, 2009, at 2.)  On the other hand, as the Omni defendants assert, withdrawal will result in duplicitous litigation for them.  Therefore, this Court finds that the best course in this matter at this time is to not interfere with the Bankruptcy Court's ongoing management of the BMC case, leaving it with Judge Stern until all pre-trial matters are resolved– i.e. "until such time as a jury trial becomes necessary."  Gen. Elec. Capital, 2001 U.S. Dist. LEXIS 22266, at *17.  The Court finds that this will better promote uniformity and efficiency in the administration of the bankruptcy case and all related adversary proceedings.

## IV.     CONCLUSION

For the foregoing reasons, this Court denies Mr. Evans's motion to withdraw the reference pursuant to 28 U.S.C. § 157(d), the cross motion to withdraw the reference of the Trustee Defendants joining in the motion of Defendant/Third Party Plaintiff Robert Evans, and the cross motion filed by WithumSmith+Brown, P.C. ("WS&B"), joining in the motion of Defendant/Third-Plaintiff Robert Evans and the cross-motion of the Trustee Defendants.  These motions are dismissed without prejudice to reinstatement after the Bankruptcy Court has concluded all pre-trial proceedings.  An appropriate Order accompanies this Opinion.

DATED: October 19, 2009          /s/ Jose L. Linares
                                 JOSE L. LINARES
                                 UNITED STATES DISTRICT JUDGE